■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES THOMAS, Appellant. [669 NYS2d 38] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered May 9, 1996, convicting defendant, after a jury trial, of robbery in the third degree (two counts) and attempted robbery in the third degree, and sentencing him, as a second felony offender, to consecutive terms of 3 to 6 years on each robbery conviction, to be served concurrently with a term of 2 to 4 years on the attempted robbery conviction, unanimously affirmed.

Defendant's suppression motion was properly denied. The report of a non-uniformed individual, who identified himself as a security officer at a nearby bank, that defendant had just robbed the bank, provided reasonable suspicion that defendant had committed a felony and permitted forcible detention of defendant through the use of handcuffs (see, People v Allen, 73 NY2d 378; People v Hammonds, 215 AD2d 166, lv denied 86 NY2d 795; People v Norman, 199 AD2d 5, lv denied 83 NY2d 808). Although the security officer's basis of knowledge was not recited prior to the handcuffing, the details of the robbery given only moments after defendant was handcuffed provided probable cause for defendant's arrest (see, People v Elwell, 50 NY2d 231, 234).

The record fails to support defendant's claim of ineffective assistance of counsel. An examination of the entire record reveals that the reason for counsel's failure to present a psychiatric defense was defendant's opposition to such a defense (see, People v Petrovich, 87 NY2d 961).

The court properly denied defendant's alternative applications for a mistrial or for permission to reopen the defense case following the prosecutor's summation since the prosecutor's comment did not present any argument contrary to the court's prior ruling in connection with recent fabrication, but rather constituted fair comment on the evidence (People v Galloway, 54 NY2d 396). Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.