■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN ACOSTA, Appellant. [694 NYS2d 660] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered September 23, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

Defendant's suppression motion was properly denied. The totality of circumstances amply provided reasonable suspicion warranting a stop and pat-down search. The unidentified informant who reported that defendant had menaced another person at gunpoint was reliable because the officer was able to assess her credibility during a face-to-face encounter (*see*, *People v Cartagena*, 189 AD2d 67, 70-71, *lv denied* 81 NY2d 1012). The description of defendant was sufficiently specific because defendant's precise location was specified and defen-

dant was the only person present meeting that description. We find that the information was not rendered stale, under the circumstances, by the brief delay from the time of the report to the officers' arrival at the location. Moreover, although defendant claims he did not understand English, his conduct of attempting to flee in spite of the fact that an officer had his shield displayed and gun drawn provided further basis for the police action. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.