■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRWIN WHITE, Appellant. [735 NYS2d 102] —Judgment, Supreme Court, New York County (Rena Uviller, J., at hearing; Jeffrey Atlas, J., at plea and sentence), rendered November 9, 1999, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 6½ years, unanimously affirmed.

Defendant's motion to suppress was properly denied. After the police received a radio transmission that an armed robbery had just taken place in a nearby jewelry store, which included the perpetrators' direction of flight, an unidentified citizen informant stopped them near the robbery location to report the whereabouts of one of the perpetrators. The officers could consider that information reliable because they were able to assess the informant's credibility in a face-to-face encounter (*see*, *People v Acosta*, 264 AD2d 630, *lv denied* 94 NY2d 859).

After an identified citizen informant also pointed to defendant, the officers had, at least, reasonable suspicion that defendant had been involved in the robbery a few minutes earlier (*see, People v Kyle*, 254 AD2d 134, *lv denied* 92 NY2d 1051). The ensuing gunpoint stop, frisk and forcible detention of defendant was justified (*id.; People v Thomas*, 247 AD2d 284, *lv denied* 92 NY2d 906) and was not an arrest (*see, People v Allen*, 73 NY2d 378). Concur—Nardelli, J. P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.