People v Harding (2018 NY Slip Op 03734)





People v Harding


2018 NY Slip Op 03734


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6641 51/08

[*1]The People of the State of New York, Respondent,
v
Camor Harding, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Eunice C. Lee of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Ryan P. Mansell of counsel), for respondent.



Judgment, Supreme Court, Bronx County (George Villegas, J.), rendered May 19, 2014, convicting defendant, after a nonjury trial, of murder in the second degree (two counts) and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.
Defense counsel did not render ineffective assistance when he declined to assert the affirmative defense of mental disease or defect in the face of defendant's opposition to presenting that defense, and the court correctly agreed that this decision was for defendant, not counsel, to make. A defendant retains ultimate authority to decide whether to assert an insanity defense, like the closely related defense of extreme emotional disturbance (see People v Petrovich, 87 NY2d 961 [1996]; People v Thomas, 247 AD2d 284 [1st Dept 1998], lv denied 92 NY2d 906 [1998].
The court properly denied defendant's suppression motion. The record supports the court's finding that defendant was not in custody when he made statements to the police (see People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]; People v Dillhunt, 41 AD3d 216 [1st Dept 2007], lv denied 10 NY3d 764 [2008]). In any event, defendant's waiver of his Miranda rights was knowing, intelligent and voluntary, despite his mental infirmities (see People v Williams, 62 NY2d 285, 288-289 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK