■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MALLORY, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Farlo, J.), both rendered May 21, 1982, convicting him of robbery in the third degree under indictment No. 1431/81, and attempted robbery in the third degree under indictment No. 1427/81, upon his pleas of guilty, and imposing sentences. The appeal with respect to indictment No. 1431/81 brings up for review the denial, after a hearing (Groh, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgments are affirmed.

The People concede on this appeal that the showing of a photograph of the defendant by a detective, separately, to two witnesses five days after a bank robbery, with the representation that the photograph was obtained from the main office of the bank and was taken on the day of the robbery, was an unduly suggestive identification procedure. The showing of only the defendant's photograph was improper, since the viewing was not proximate in time to the crime *(cf. People v*

*Velez,* 109 AD2d 767). Nor can such a viewing be characterized as merely a "confirmation" *(see, People v Vargas,* 118 Misc 2d 477, 481), since there is no evidence that the two witnesses knew or were familiar with the defendant prior to the crime *(cf. People v Tas,* 51 NY2d 915, 916; *People v Gissendanner,* 48 NY2d 543, 552). Nonetheless, that branch of the defendant's motion which was to suppress the identification testimony was properly denied, as each witness had a strong independent source upon which to make her identification.

Although the hearing court did not make any findings on the witnesses' independent basis for identifying the defendant, the record is fully developed so as to permit this court to make an appropriate ruling *(see, People v Thomas,* 58 AD2d 899; *People v Hall,* 81 AD2d 644). The testimony elicited at the *Wade* hearing established that the witnesses, both bank tellers, observed the perpetrator of the robbery for a couple of minutes in an area well illuminated by fluorescent ceiling lights *(see, People v Wright,* 112 AD2d 179; *People v Smalls,* 112 AD2d 173; *People v Smith,* 46 AD2d 639, *affd* 38 NY2d 882). Their attention was clearly focused upon the perpetrator, as one teller complied with his instructions to take the money out of her cashier's drawer and place it into a brown paper bag, while the other teller, located at a nearby station, activated the bank's security camera. Each teller, separately and without hesitation, identified the defendant in a lineup conducted approximately one week after the robbery and on the date of his arrest. The totality of the circumstances show that the witnesses could make in-court identifications based upon their observations at the time of the commission of the crime, untainted by the photographic identification procedure *(see, People v Smith, supra; People v Rudan,* 112 AD2d 255). Accordingly, suppression was properly denied. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.