■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TALMADGE LACY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 4, 1985, upon a verdict convicting defendant of the crimes of burglary in the second degree (four counts), burglary in the third degree, grand larceny in the third degree and petit larceny.

On July 5, 1984, at approximately 9:30 in the evening, Stephanie De Vall called the Albany City Police to report the presence of a possible prowler in the vicinity of her residence. The authorities, responding immediately, observed a man in the area who matched the description given by De Vall. Upon seeing the police, the man, defendant herein, fled and the officers gave chase, during the course of which Officer Edward Lucas noticed that defendant discarded what appeared to be a bottle of wine. It was developed at trial that this bottle, subsequently retrieved by the authorities and discovered to be a bottle of cold champagne, had been stolen earlier that evening from a nearby apartment; the owner identified the bottle by scratches made on the label when the bottle had been placed in the refrigerator. With the police in pursuit, defendant then hid in a patch of bushes. When the officers' search brought them close to where defendant lay hidden, his fear intensified; he sprang up and in an effort to escape, charged and knocked down Officer Timothy Carroll. Fellow officers came to the latter's assistance. Defendant, who was punching, biting and kicking, was eventually handcuffed and placed under arrest. During this struggle, the police admittedly used force to subdue defendant. Witnesses, called on behalf of defendant, as well as defendant himself, both at the *Huntley* hearing and at trial depicted the police as striking defendant with nightsticks and flashlights. Their observations and testimony were uniformly rebutted by the officers.

After being apprehended, defendant was then brought to the police station, where he maintains the police continued beating him. After waiving his *Miranda* rights, defendant made several damaging statements and signed confessions admitting his complicity in a series of area burglaries.

Tried, convicted and sentenced to an indeterminate term of 10 to 20 years in prison, defendant appeals. He contends that his motion to suppress the champagne bottle and oral and written confessions he furnished subsequent to the administration of the *Miranda* warnings was improperly denied, and that those confessions were involuntarily made, having been coerced by police misconduct. Additionally, defendant claims that legally sufficient evidence to sustain the convictions is lacking. We affirm.

Following an extensive suppression hearing, County Court, in a carefully considered written decision, found defendant's representation that he had been brutally beaten, both during his arrest and thereafter during his questioning, unbelievable; the record supports this conclusion. The testimony considered in its entirety, photographs of defendant taken the day following the alleged beatings, and his medical records simply do not bear out that he was the victim of police brutality. Contrary testimony elicited on defendant's behalf was variously inconsistent, contradictory and rebutted in every material respect by the prosecution, which presented evidence that the police used only reasonable force to overcome the fleeing, fighting defendant, and no force or threats while interrogating him. In short, the suppression hearing distilled to a credibility issue among witnesses which was resolved in the People's favor; on this record it would be an injudicious exercise of discretion on our part to deviate from County Court's findings on this issue *(see, People v Chambers,* 105 AD2d 1013, 1014).

Defendant's attack on the sufficiency of the evidence proving his guilt erroneously assumes corroboration of his statements that he committed the crimes of which he was convicted is wanting. Corroboration of a defendant's statements "need only be of circumstances 'calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key' " *(People v Jackson,* 65 NY2d 265, 273). Here, adequate corroboration came in the form of several witnesses, each of whom testified that their residences, and in one instance an office building, had been unlawfully broken into, ransacked and property stolen, and, where necessary, the value of that property was proven. This testimony, coupled with defendant's statements, established the requisite elements of the various crimes of which defendant was convicted.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.