■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN ENGLISH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was properly tried in absentia. The court informed defendant of the trial date and stated: "It is necessary for you to be present at your trial. If you are not present your trial may proceed in your absence and you may be convicted in your absence." That statement complied with the requirement enunciated in *People v Parker* (57 NY2d 136, 141) that, in order to effect a knowing and intelligent waiver, the defendant must be informed of "the consequences of failing to appear for trial." Although the Court of Appeals in *People v Parker (supra,* at 141) stated that the defendant must be aware that the trial "will" proceed in his absence, the Court did not preclude the use of "may" or "could" instead of "will." It quoted from *Taylor v United States* (414 US 17, 20), in which the Supreme Court stated that a waiver would be implied where the defendant should have known that " 'the trial *could* continue in his absence' " (emphasis added). Here, defendant knowingly and voluntarily waived his right to be present at the trial because he was deliberately absent from the trial, having been informed of the consequences of his absence. He knew that the trial could proceed in his absence and, by failing to appear, he voluntarily assumed the risk that the trial would proceed without him.

Under the facts of this case, the court exercised its sound discretion in determining to proceed in defendant's absence *(see, People v Smith,* 148 AD2d 1007, *lv denied* 74 NY2d 747). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 2nd Degree.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.