■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SQUIER, Appellant. [602 NYS2d 250] —Judgment unanimously affirmed. Memorandum: Defendant contends that the People failed to introduce sufficient evidence pursuant to CPL 60.50 to corroborate his confession and sustain his conviction. We disagree. The corroboration requirement of CPL 60.50 is satisfied "by the production of some proof, of whatever weight, that a crime was committed by someone" *(People v Daniels,* 37 NY2d 624, 629). The People met that requirement by introducing the testimony of the victim that his home had been broken into, that items were stolen therefrom, and that one of the stolen items was recovered from defendant *(see, e.g., People v Lacy,* 127 AD2d 933, 934).

Defendant further contends that he was denied effective assistance of counsel. Upon our review of the law and circumstances of this case, we conclude that the representation received by defendant was meaningful *(see, People v Baldi,* 54 NY2d 137, 146-147; *see generally, People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867).

We also find meritless the contention that County Court erred in denying the motion to suppress defendant's statement to the police. He asserts that the court erred in crediting the testimony of the police officer rather than that of defendant. Great deference should be accorded the suppression court's determination *(People v Prochilo,* 41 NY2d 759, 761). Questions of credibility are primarily for the suppression court to determine and its findings will be upheld unless clearly erroneous *(People v Ackerman,* 162 AD2d 793, 795). Here, the suppression court's determination to deny defendant's motion to suppress was supported by the record and, therefore, should not be disturbed *(see, People v Gee,* 104 AD2d 561).

We also conclude that County Court properly tried defendant in absentia. Before a noon recess during defendant's trial, the court advised defendant that it was important for him to return after the recess and that, if he failed to do so, the trial would continue without him. Defendant, despite that warning, failed to return from the noon recess. The failure of defendant to return to court after the recess, despite being informed of the consequences of that act, constituted a knowing and intelligent waiver of his right to be present at trial *(see, People v Parker,* 57 NY2d 136, 141; *People v English,* 186 AD2d 1022, *lv denied* 81 NY2d 788). Under the facts of this case, we conclude that the court exercised its sound discretion in determining to proceed in defendant's absence *(see, People v English, supra; People v Smith,* 148 AD2d 1007, *lv denied* 74 NY2d 747).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.