■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN E. GLEN, Appellant. [721 NYS2d 843] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, the record establishes that County Court made no sentencing promise at the time of the initial plea proceeding in the event that defendant violated the conditions of his probation. Thus, upon thereafter finding that defendant violated those conditions, the court did not err in sentencing defendant to a term of imprisonment of 2 to 6 years (*see, People v Roberts,* 214 AD2d 592, *lv denied* 85 NY2d 979). (Appeal from Judgment of Niagara County Court, Fricano, J.—Violation of Probation.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAURE GRANT, Appellant. [722 NYS2d 929] —Appeal from judgment insofar as it imposed sentence unanimously dismissed and judgment affirmed. Memorandum: We reject defendant's contention that the verdict is contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). "Although defendant presented an alibi defense, the conflicting testimony merely raised issues of credibility, which are best determined by the trier of fact" (*People v Melendez,* 213 AD2d 1037). Because defendant has served his sentence, his challenge to the severity of the sentence is moot (*see, People v Dukes,* 156 AD2d 959, 960, *lv denied* 75 NY2d 918). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Robbery, 3rd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.