◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS TINDALE, Also Known as CURTIS TINDAL, Appellant. [743 NYS2d 767] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered May 23, 2001, convicting defendant upon his plea of guilty of, inter alia, burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]), burglary in the second degree (§ 140.25 [2]) and assault in the second degree (§ 120.05 [6]). Defendant contends that County Court erred in determining that a witness who had identified defendant in an unduly suggestive showup procedure had an independent basis for his in-court identification of defendant. We disagree (*see People v*

*Adams,* 53 NY2d 241, 251; *see also People v Gordon,* 76 NY2d 595, 597). The witness testified at the suppression hearing that he got a "good look" at defendant for about 15 seconds in broad daylight from about 20 feet away, and he was able to describe defendant to the police (*see People v Strudwick,* 170 AD2d 969, 970, *lv denied* 77 NY2d 1001; *People v Ferkins,* 116 AD2d 760, 763-764, *lv denied* 67 NY2d 942). Even assuming, arguendo, that the court's findings of fact on the issue of independent basis were inadequate, we conclude that the record is sufficiently developed to enable us to review the issue (*see People v Smith,* 179 AD2d 1022, 1022, *lv denied* 79 NY2d 1007). Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.