■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SMART, Appellant. [760 NYS2d 606] —Appeal from a judgment of Monroe County Court (Bellini, J.), entered October 19, 2001, convicting defendant after a nonjury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25), defendant contends that County Court erred in determining that the victim had an independent basis for his in-court identification of defendant. We disagree (*see generally People v Adams,* 53 NY2d 241, 251 [1981]; *see People v Brennan,* 261 AD2d 914, 915 [1999], *lv denied* 94 NY2d 820 [1999]; *People v Brinson,* 216 AD2d 900 [1995], *lv denied* 87 NY2d 844 [1995]). Factors to consider in determining whether

a witness has a sufficiently reliable independent basis for an identification include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation" (*Neil v Biggers*, 409 US 188, 199-200 [1972]).

In this case, the People established that the victim had a clear, unobstructed view of the perpetrator for about a minute. The victim saw the perpetrator from both the front and side, in good light, as he passed within a foot to a foot and a half of him while fleeing the scene. The victim also identified defendant's vehicle as the one used in the commission of the burglary. Under the circumstances, there was no " 'substantial likelihood of irreparable misidentification' " (*Neil*, 409 US at 198), and the court properly concluded that the People proved by clear and convincing evidence that the witness had an independent basis for his in-court identification (*see Brennan*, 261 AD2d at 915).

We also reject defendant's contention that the verdict is against the weight of the evidence. Although defendant's mother testified that she was at home with defendant until several hours after the crime occurred, it was within the province of the factfinder to reject that alibi evidence, and it cannot be said that the factfinder failed to give the evidence its proper weight (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see e.g. People v Grant*, 278 AD2d 834 [2000]; *People v Phong T. Le*, 277 AD2d 1036 [2000], *lv denied* 96 NY2d 762 [2001]). The sentence is neither unduly harsh nor severe. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.