# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**805**

**KA 09-02439**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ORLANDO C. LOPEZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), rendered January 29, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment of County Court (Sirkin, J.) convicting him, upon his plea of guilty, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]), defendant contends that Supreme Court (Affronti, J.) erred in determining following a pretrial hearing that the victim had an independent basis for his in-court identification of defendant. We reject that contention. Factors to consider in determining whether there is an independent basis for an in-court identification despite the use of otherwise improper identification procedures include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation" (*Neil v Biggers*, 409 US 188, 199-200; *see People v Smart*, 305 AD2d 1110, *lv denied* 100 NY2d 566). The People must establish the existence of an independent basis for the identification by clear and convincing evidence (*see People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833), and the suppression court's decision will not be disturbed if it is supported by "sufficient evidence" in the record (*People v Yukl*, 25 NY2d 585, 588, *cert denied* 400 US 851; *see also People v Youngblood*, 294 AD2d 954, 955, *lv denied* 98 NY2d 704). Here, there is ample evidence that the victim had an independent basis for identifying defendant. The victim testified that he viewed the perpetrator face-to-face for 30 to 45 seconds in a

well-lit area, and the victim's description of the perpetrator was sufficiently specific to establish that he had a clear view of him at the time of the crime (*see People v Tindale*, 295 AD2d 987, *lv denied* 98 NY2d 714; *People v Bostic* [appeal No. 2], 222 AD2d 1073, *lv denied* 88 NY2d 876; *People v Neese*, 138 AD2d 531).

Entered:  June 10, 2011                              Patricia L. Morgan
                                                     Clerk of the Court