# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

296
KA 12-02101
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

LAWRENCE E. WILLIAMS, II, DEFENDANT-APPELLANT.

---

LOTEMPIO & BROWN, P.C., BUFFALO (MICHAEL H. KOOSHOIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 22, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, unlawful possession of marihuana and operating a motor vehicle with excessively tinted windows.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), unlawful possession of marihuana (§ 221.05), and operating a motor vehicle with excessively tinted windows (Vehicle and Traffic Law § 375 [12-a] [b] [2]). The conviction arises out of a lawful traffic stop of the vehicle driven by defendant (*see People v Fagan*, 98 AD3d 1270, 1271, *lv denied* 20 NY3d 1061, *cert denied* ___ US ___, 134 S Ct 262), and a subsequent search of the vehicle after the police detected the odor of marihuana emanating therefrom (*see People v Cuffie*, 109 AD3d 1200, 1201, *lv denied* 22 NY3d 1087; *see generally People v Blasich*, 73 NY2d 673, 678). Defendant contends that Supreme Court erred in refusing to suppress evidence of the marihuana and handgun found by the police, as well as his statements to the police. Specifically, defendant contends that the evidence before the court was not sufficient to sustain a factual determination that the vehicle driven by defendant was lawfully searched by the police officers inasmuch as the testimony of the police officers at the suppression hearing was "contradictory, confusing[,] and ha[d] the appearance[] of being . . . tailored to nullify constitutional objections." We reject that contention. "Questions of credibility are primarily for the suppression court to determine and its findings will be upheld unless clearly erroneous" (*People v Squier*, 197 AD2d 895, 896, *lv denied* 82 NY2d 904; *see*

*generally People v Prochilo*, 41 NY2d 759, 761).  Here, although one of the arresting officers was unable to recall certain details of the traffic stop, his testimony was sufficiently corroborated by that of the other arresting officer (*see People v Walker*, 155 AD2d 916, 916, *lv denied* 75 NY2d 819; *see also People v Ponzo*, 111 AD3d 1347, 1347).  "Nothing about the officer[s'] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v James*, 19 AD3d 617, 618, *lv denied* 5 NY3d 829).  We therefore discern no basis in the record to disturb the suppression court's credibility assessment, and we conclude that its determination is supported by sufficient evidence in the record (*see generally People v Yukl*, 25 NY2d 585, 588, *cert denied* 400 US 851; *People v Lopez*, 85 AD3d 1641, 1641-1642, *lv denied* 17 NY3d 860).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court