People v Woody (2018 NY Slip Op 02924)





People v Woody


2018 NY Slip Op 02924


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


180 KA 14-02099

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC WOODY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CRAIG P. SCHLANGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 17, 2014. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), defendant contends that Supreme Court erred in denying his motion to suppress identification testimony on the ground that the photo array used in the identification procedure was unduly suggestive. The record reflects that the court did not make a determination regarding the suggestive nature of the array and instead went on to determine that the witness had an independent basis for identifying defendant. Thus, defendant forfeited his contention regarding suggestiveness by pleading guilty before the court issued a ruling on that contention (see People v Harris, 143 AD3d 911, 912 [2d Dept 2016], lv denied 28 NY3d 1124 [2016]; People v Newkirk, 133 AD3d 1364, 1365 [4th Dept 2015], lv denied 26 NY3d 1148 [2016]).
Furthermore, even if defendant's contention that the photo array was unduly suggestive was implicitly rejected by the court (see People v Gates, 152 AD3d 1222, 1223 [4th Dept 2017]; People v Hampton, 113 AD3d 1131, 1132 [2014], lv denied 22 NY3d 1199 [2014], reconsideration denied 23 NY3d 1062 [2014], cert denied — US &mdash, 135 S Ct 2389 [2015]), and thus defendant's contention that the court should have granted his suppression motion based thereon survives his guilty plea (see CPL 710.70 [2]), we reject that contention. "[W]hen an identification is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in court if that identification is based upon an independent source" (People v Campbell, 200 AD2d 624, 625 [2d Dept 1994], lv denied 83 NY2d 869 [1994]; see People v Carson, 122 AD3d 1391, 1391 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]). Here, after conducting a hearing and reviewing the appropriate factors (see Neil v Biggers, 409 US 188, 199—200 [1972]; People v Lopez, 85 AD3d 1641, 1641 [4th Dept 2011], lv denied 17 NY3d 860 [2011]), the court properly determined that the People established the existence of an independent source by the requisite clear and convincing evidence (see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]).
The sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court