People v Range (2021 NY Slip Op 06244)





People v Range


2021 NY Slip Op 06244


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


790 KA 20-00373

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANCHAUNN RANGE, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK M. HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered April 3, 2019. The judgment convicted defendant after a nonjury trial of burglary in the first degree, robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of burglary in the first degree (Penal Law § 140.30 [4]), robbery in the first degree (§ 160.15 [4]), and robbery in the second degree (§ 160.10 [1]), defendant contends that County Court erred in determining following a pretrial hearing that the responding police officer had an independent basis for his in-court identification of defendant. We reject that contention. "[I]t is well-settled that even when an identification is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in court if that identification is based upon an independent source" (People v Campbell, 200 AD2d 624, 625 [2d Dept 1994], lv denied 83 NY2d 869 [1994]; see People v Woody, 160 AD3d 1362, 1363 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). Factors to consider in determining whether a witness has a sufficiently reliable independent basis for an identification include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation" (Neil v Biggers, 409 US 188, 199-200 [1972]; see People v Lopez, 85 AD3d 1641, 1641 [4th Dept 2011], lv denied 17 NY3d 860 [2011]). Here, the officer's testimony established that he had an opportunity to view defendant during the course of the crime, i.e., when the officer was face to face with defendant while they were engaged in a physical altercation in a well-lit stairwell (see People v Gray, 135 AD3d 874, 874 [2d Dept 2016], lv denied 27 NY3d 998 [2016]), and that the officer's attention was on defendant during the entire altercation (see People v Mallory, 126 AD2d 750, 751 [2d Dept 1987]; People v Magee, 122 AD2d 227, 228 [2d Dept 1986]). The officer accurately described defendant's gender, race, and clothing, and accurately noted that defendant was wearing an ankle monitor (see Gray, 135 AD3d at 874; People v Small, 110 AD3d 1106, 1106-1107 [2d Dept 2013], lv denied 22 NY3d 1043 [2013]). Although the officer viewed defendant for a matter of only several seconds, we conclude that, under these circumstances, the court's determination is "supported by 'sufficient evidence' in the record" (Lopez, 85 AD3d at 1642, quoting People v Yukl, 25 NY2d 585, 588 [1969], cert denied 400 US 851 [1970]; see People v Tindale, 295 AD2d 987, 988 [4th Dept 2002], lv denied 98 NY2d 714 [2002]). In any event, even assuming, arguendo, that the court erred in determining that there was an independent basis for the officer's identification of defendant, we conclude that any error was harmless in light of the overwhelming evidence of defendant's guilt and the lack of any reasonable possibility that the error might have contributed to the conviction (see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We have reviewed defendant's remaining contention and conclude that it is without merit.
Finally, we note that the uniform sentence and commitment form erroneously reflects that defendant was sentenced on the count of robbery in the second degree to one year in jail with no postrelease supervision, which would be an illegal sentence (see Penal Law
§§ 70.04 [3] [b]; 160.10), whereas the sentencing minutes reflect that defendant was in fact sentenced on that count to seven years in prison with five years of postrelease supervision. The uniform sentence and commitment form must therefore be amended to correct that error (see generally People v McCoy, 174 AD3d 1379, 1382 [4th Dept 2019], lv denied 34 NY3d 982 [2019], reconsideration denied 35 NY3d 994 [2020]; People v Correa, 145 AD3d 1640, 1641 [4th Dept 2016]; People v Owens, 51 AD3d 1369, 1372-1373 [4th Dept 2008], lv denied 11 NY3d 740 [2008]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court