People v Devine (2022 NY Slip Op 03853)

People v Devine

2022 NY Slip Op 03853

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

550 KA 18-00302

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL D. DEVINE, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered January 5, 2018. The judgment convicted defendant upon a jury verdict of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the third degree (Penal Law § 160.05), defendant contends that County Court erred in determining following a pretrial hearing that the bank teller who witnessed the robbery had an independent basis for her in-court identification of defendant. We reject that contention. "[E]ven when an identification is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in court if that identification is based upon an independent source" (People v Campbell, 200 AD2d 624, 625 [2d Dept 1994], lv denied 83 NY2d 869 [1994]; see People v Woody, 160 AD3d 1362, 1363 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). Factors to consider in determining whether a witness has a sufficiently reliable independent basis for an identification include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation" (Neil v Biggers, 409 US 188, 199-200 [1972]; see People v Lopez, 85 AD3d 1641, 1641 [4th Dept 2011], lv denied 17 NY3d 860 [2011]). Here, the bank teller's testimony established that her attention was on defendant during the entire robbery, that she was wearing her glasses while she observed him, that defendant stood only four feet from her, and that there were no lighting issues or obstructions that interfered with her ability to see defendant (see People v Mallory, 126 AD2d 750, 751 [2d Dept 1987]; People v Magee, 122 AD2d 227, 228 [2d Dept 1986]). The bank teller received biannual training on the responsibility of bank tellers during bank robberies and employed that training to provide police with a thorough and accurate description of defendant's race, gender, and clothing (see People v Range, 199 AD3d 1356, 1357 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]). Consequently, the court's determination is "supported by 'sufficient evidence' in the record" (Lopez, 85 AD3d at 1642, quoting People v Yukl, 25 NY2d 585, 588 [1969], cert denied 400 US 851 [1970]; see People v Williams, 115 AD3d 1344, 1345 [4th Dept 2014]).
Defendant's contention that the conviction is not supported by legally sufficient evidence on the issue of identity is not preserved for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that the People failed to establish his identity as the [*2]caller in a recorded jail telephone call. The call was made from an area of the jail in which defendant was located, and the caller identified himself as "Sammie" and stated that he had "hit" an "M & T joint." Under these circumstances, we conclude that defendant's identity as the caller is amply proven by the "substance of the conversation itself" (People v Lynes, 49 NY2d 286, 292 [1980]; see People v Shapiro, 227 AD2d 506, 507 [2d Dept 1996], lv denied 88 NY2d 1024 [1996]). Contrary to defendant's further contention that the court erred in admitting the jail call because it was the fruit of unlawful police conduct, we conclude that the jail call " 'sought to be suppressed is the product of an independent source entirely free and distinct from proscribed police activity' " (People v Smith, 202 AD3d 1492, 1495 [4th Dept 2022], quoting People v Arnau, 58 NY2d 27, 35 [1982], cert denied 468 US 1217 [1984]; see People v Ashford, 142 AD3d 1371, 1372 [4th Dept 2016]).
We also reject defendant's contention that the court erred in admitting in evidence GPS location data generated by a device attached to currency that was taken during the robbery and recovered from defendant. Although the court concluded that the officers did not have probable cause to search defendant at that time, the court further concluded that the officers had reasonable suspicion to detain defendant, and the court properly admitted in evidence the location data that was created by the device prior to any improper conduct by the apprehending officers (see People v Richardson, 155 AD3d 1595, 1596 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]). Moreover, the location data was cumulative of unchallenged GPS information from defendant's ankle bracelet that was also introduced in evidence at trial (see e.g. People v Pizarro, 151 AD3d 1678, 1680-1681 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]; People v Wilson, 267 AD2d 1061, 1062 [4th Dept 1999], lv denied 94 NY2d 908 [2000]), and any error in admitting it is harmless inasmuch as the evidence of defendant's guilt is overwhelming and there is no reasonable possibility that the verdict would have been different if the location data had been suppressed (see People v Jiles, 158 AD3d 75, 81 [4th Dept 2017], lv denied 31 NY3d 1149 [2018]; see generally People v Allen, 24 NY3d 441, 450 [2014]; People v Crimmins, 36 NY2d 230, 237 [1975]).
Finally, the sentence is not unduly harsh or severe.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court