■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TAYLOR, Appellant.—Judgment, Supreme Court, Bronx County, rendered August 13, 1976, convicting defendant of murder in the second degree and sentencing him thereupon to an indeterminate term of 15 years to life, unanimously reversed, on the law, the motion to suppress the in-court identification granted, and the matter remanded for a new trial. The suppression court properly excluded the photographic and showup identifications by the witness Maynard but held that she had sufficient independent opportunity, free of any taint, to observe the perpetrator at the time of the commission of the crime to make an in-court identification. This was error. Applying the criteria set forth by the United States Supreme Court to assess the reliability of identification testimony where there has been a suggestive pretrial confrontation *(Manson v Brathwaite,* 432 US 98), we find that Maynard's opportunity to view the perpetrator lasted but a few seconds; she saw only the left profile and she did not initially describe him as a Black man to the police, nor refer to him as "Butch" or as a person she had previously known, despite the fact that she knew defendant by such name and had seen him in and out of her apartment building for a period of two years. At trial, Maynard admitted that she was not sure of defendant's identity as she observed both victim and assailant through the peephole of her door at the time of the crime. Moreover, at the showup conducted 17 days later, she was unsure of defendant's identity, and her identification followed a warning at some point by a detective that "You've got to be sure, because if we let him go, he might come after you." Even at the showup, Maynard could not identify defendant, a person whom she concededly knew, until he assumed a position conforming to the perpetrator's actions at the time of the crime. "Reliability is the linchpin in determining the admissibility of identification testimony" *(Manson v Brathwaite, supra,* p 114). In our view Maynard's identification was fraught with doubt. On a review of the record, we cannot conclude that it was unaffected by the earlier tainted procedures. Accordingly, reversal is required and a new trial directed. Concur—Murphy, P. J., Kupferman, Sullivan, Lane and Lupiano, JJ.