OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed.
The defendants in these three cases challenge the use of prior convictions, obtained on guilty pleas, as the basis for sentencing them as predicate felons. Each defendant argues that the facts adduced at the plea allocutions were insufficient to establish the elements of the crime.
Initially, we note that defendants may challenge predicate convictions in this context only on constitutional grounds (CPL 400.21 [7] [b]). A guilty plea may be involuntary, and therefore unconstitutionally obtained, either because the defendant did not voluntarily and intelligently waive the protections afforded by the Constitution or because the defendant did not know the nature of the charges against him (Henderson v Morgan, 426 US 637, 645, n 13). However, merely showing that the defendant did not expressly admit a particular element of the crime in the factual allocution is not sufficient, by itself, to raise a constitutional claim; all of the circumstances surrounding the plea must be considered to determine whether the defendant understood the nature of the charges against him (People v Nixon, 21 NY2d 338, cert denied sub nom. Robinson v New York, 393 US 1067).
In People v Moore, defendant contends that his 1983 plea to criminal possession of stolen property in the second degree was insufficient because he never admitted that he knew the property was stolen. However, the record indicates that defendant agreed to plead to this charge on advice of counsel after his suppression motion was denied, that he was aware of the charge, and that he admitted possessing credit cards which did not belong to him. Since it can be inferred from defendant’s admission that he knew the credit cards were stolen (cf., People v McGowen, 42 NY2d 905, 906), he understood the nature of the charge, and the elements of the crime to which he pleaded were established. Therefore, the 1983 conviction can be used as a basis for sentencing defendant as a predicate felon.
In People v Hall, defendant contends that his 1975 plea *1006 to attempted criminal possession of a weapon in the third degree was insufficient because the allocution contained no facts showing that he possessed a loaded firearm or that the gun was operable. The record indicates that defendant told the court, upon inquiry, that the police "found a .38 on him”. Although this inquiry did not establish that defendant possessed a "loaded firearm”, an element of criminal possession of a weapon in the third degree (see, Penal Law § 265.02 [4]; § 265.00 [15]), or that the gun was operable, since defendant pleaded guilty to a lesser crime than the one charged in the indictment, a factual basis for the plea was unnecessary (see, People v Clairborne, 29 NY2d 950, 951; People v Fooks, 21 NY2d 338, 350). Therefore the omission in the factual inquiry is irrelevant in this case and the 1975 conviction can be used as a basis for sentencing defendant as a second violent felony offender.
In People v Davis, defendant contends that his 1977 plea to robbery in the second degree was insufficient because he never admitted or acknowledged that he used force in committing the crime. However, the record indicates that defendant agreed to plead to this charge on advice of counsel, that the prosecutor stated, without dispute, that defendant "used knives” and "stole money” from the complainant, and that, upon inquiry by the court, defendant agreed that he "stole property” from the complainant. This inquiry, coupled with the unrefuted statements of the prosecutor, sufficiently established that defendant did use force, and that he understood the nature of the charges. Therefore, the 1977 conviction can be used as a basis for sentencing defendant as a predicate felon.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
In each case: Order affirmed in a memorandum.