■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HYATT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered November 2, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The instant case arises out of a burglary which occurred on September 24, 1987, at the apartment of the complaining witness. During the burglary, the complaining witness was able to see the defendant entering her bedroom through the window, under good lighting conditions, at a distance of 10 to 15 feet, for approximately 3 to 5 seconds. After the police apprehended the defendant approximately seven minutes after the crime and one block away from the complainant's apartment, a showup was conducted at the scene. The hearing court found that the showup was highly suggestive and unnecessary since an arrest had already been made, negating the need for immediate identification. However, the court allowed the complainant to make an in-court identification of the defendant based on clear and convincing evidence of an independent source for her identification of the defendant.

It is well settled that a witness may still identify the perpetrator of a crime as part of his or her in-court testimony

notwithstanding the existence of an unduly suggestive pretrial identification, provided that the People demonstrate by clear and convincing evidence that the in-court identification is based upon the witness's independent observation of the defendant *(see, Manson v Brathwaite,* 432 US 98, 114-115; *Neil v Biggers,* 409 US 188, 199-200; *United States v Wade,* 388 US 218, 241; *People v Adams,* 53 NY2d 241, 251; *People v Thomas,* 51 NY2d 466, 474-475). The amount of time a witness has to observe the defendant is only one factor to be considered under the totality of circumstances surrounding an identification *(see, People v Neese,* 138 AD2d 531; *People v Androvett,* 135 AD2d 640, 642). In this case, the complaining witness had an unobstructed view of the defendant under good lighting conditions and her description was sufficiently specific as to establish her ability to observe the perpetrator at the time of the crime. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.