■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY GRANT, Appellant. [602 NYS2d 140] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), ren-

dered October 24, 1991, convicting defendant, after a jury trial, of six counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 2 to 4 years, unanimously affirmed.

Defendant failed to preserve his claim that the police officers' testimony about their observations of defendant and his co-defendant immediately prior to the time that they stole the victim's purse was inadmissible evidence of an uncharged crime, and we decline to review it in the interest of justice. If we were to review, we would find that the officers' testimony was not evidence of an uncharged crime, but was properly admitted to establish both defendant's preparation to commit the crimes charged and the officers' ability to see and identify defendant as the thief (People v Ventimiglia, 52 NY2d 350, 359-360).

Nor do we find the prosecutor's summation improper; rather, it was a vigorous but fair response to defense counsel's summation which accused the People's witnesses of lying and framing defendant (People v Galloway, 54 NY2d 396, 399; People v York, 133 AD2d 130, 133, lv denied 70 NY2d 939).

Finally, because counsel failed to claim that he was prejudiced by the destruction of the handwritten police voucher or ask the court for any type of sanction or relief, he has failed to preserve his Rosario claim (People v Rogelio, 79 NY2d 843). Concur—Carro, J. P., Rosenberger, Ross and Asch, JJ.