■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN NORMAN, Appellant. [604 NYS2d 104] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered July 29, 1987, convicting defendant, after jury trial, of assault in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The police observation of defendant and the codefendant being chased down an otherwise deserted street by two civilians, one of whom stated that a robbery involving guns had just taken place, combined with defendant's deliberate separation and flight from the codefendant in a direction separate from the codefendant at the officers' direction to stop, provided a reasonable suspicion that defendant and the codefendant had committed a crime. Thus, the officers were justified in forcibly stopping and detaining defendant *(People v De Bour,* 40 NY2d 210, 223). In the circumstances, the police acted reasonably in handcuffing defendant as a precautionary measure to ensure safety in transporting defendant from the middle of a city street *(People v Allen,* 73 NY2d 378, 380). The contemporaneous radio communication received by the officers regarding a victim of an assault, and the victim's prompt, on-the-scene showup identification of defendant as one of her assailants, provided probable cause for his arrest *(People v De Bour, supra).*

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crime charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). The victim's testimony that she had ample opportunity to view defendant as he followed her down the street and attacked her with the assistance of the codefendant, and that her fear served to heighten her awareness, was properly placed before the jury for consideration. Its determinations, not unreasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant failed to claim that he was prejudiced by a detective's destruction of his handwritten notes of defendant's post-arrest statement made to an Assistant District Attorney after transcription of those notes onto an official police report (a circumstance that defendant was aware of at the time of the pre-trial suppression hearing in this case), or to ask the trial court for any type of sanction or relief. Thus, defendant failed to preserve his current claim that the People deprived him of a fair trial by failing in their duty to preserve *Rosario* material *(People v Grant,* 197 AD2d 399). And there was no evidence that the notes in question were discarded in bad faith.

We perceive no abuse of discretion in sentencing. Concur— Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ.