■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRET CHANDLER, Appellant. [622 NYS2d 536] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (D. Goldstein, J.), rendered April 8, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the search warrant, which formed the basis for his arrest, was invalid on its face, since the affidavit submitted to the issuing Magistrate failed to specify the apartment number of the address to be searched in the initial description of the location, instead listing the specific apartment in the concluding paragraphs of the affidavit. The Court of Appeals has held that "search warrants, which are composed not by lawyers but by police officers acting under stress, are not to be read hypertechnically and may be accorded all reasonable inferences" *(People v Robinson,* 68 NY2d 541, 551-552, citing *People v Hanlon,* 36 NY2d 549, 559).

In the body of the supporting affidavit in question here, the investigating officer affirmed that he was investigating alleged cocaine traffic at "41-13 10th Street, County of Queens, New York, more particularly, 41-13 10th Street, County of Queens, New York". It is apparent that the second mention of the address was meant to add a more specific location, i.e., the apartment number, but that the number was inadvertently omitted. However, since the affidavit restated the address in

its concluding paragraph and added the specific apartment number, the affidavit sufficiently described the location to be searched to permit its identification with certainty *(see,* CPL 690.45 [5]).

Furthermore, there is no merit to the defendant's contention that the undercover officer's in-court identification of the defendant should have been suppressed. While the hearing court was correct in suppressing a station house show-up identification as being unnecessarily suggestive, we agree with the hearing court that there was an independent source for the undercover officer's in-court identification *(see, Neil v Biggers,* 409 US 188; *see also, People v Hyatt,* 162 AD2d 713).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit or unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Stahl,* 53 NY2d 1048; *see also, People v Udzinski,* 146 AD2d 245). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.