■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL JONES, Appellant. [627 NYS2d 2] —Judgment, Supreme Court, New York County (Patricia Williams, J., at suppression hearing; Angela Mazzarelli, J., at trial and sentence), rendered February 24, 1993, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a violent persistent felon, to a term of 10 years to life, unanimously affirmed.

The on-the-street showup identification of defendant minutes after the robbery and at the scene of the crime was not unduly suggestive *(People v Duuvon, 77 NY2d 541)*. Having credited the arresting officer's testimony and finding that the showup was not unduly suggestive, the suppression court should not have conditioned its denial of defendant's suppression motion upon the People establishing, before trial, an independent source for the victim's in-court identification *(People v Chipp, 75 NY2d 327, 335, cert denied 498 US 833)*.

Although the People should not have been required to demonstrate an independent source for the victim's in-court identification of defendant, they adequately did so. The trial court reasonably found that the victim had had a sufficient opportunity to observe defendant moments before the robbery, during the robbery, and as she pursued defendant after the robbery and was able to identify him based on his skin color, weight, height, clothing and sex.

The additional facts adduced at the independent source hearing were not sufficient to require a re-opening of the *Wade* hearing or to disturb the suppression court's finding with respect to suggestiveness *(cf., People v Olmo, 153 AD2d 544)*.

There was no reasonable view of the evidence that would support a finding that the victim had somehow caused her own injuries where the evidence established that defendant tore the victim's pocketbook from her body, breaking the leather strap, and the victim had used her injured hand and finger in a partly reflexive and partly defensive manner in reaction to defendant's conduct. A lesser included offense may

not be submitted to a jury for consideration if " 'charging the lesser included offense would force the jury "to resort to sheer speculation" ' " *(People v Scarborough,* 49 NY2d 364, 371, quoting *People v Discala,* 45 NY2d 38, 43).

We have considered defendant's *pro se* claims and find them to be without merit or previously rejected *(People v Jones,* 188 AD2d 331, *lv denied* 81 NY2d 888). Concur—Ellerin, J. P., Ross, Nardelli and Tom, JJ.