THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLEE ASHE, Appellant. [746 NYS2d 38]

Contrary to the defendant's contention, the record supports the hearing court's conclusion that the complainant had an independent basis for identifying the defendant at trial. A witness may identify a perpetrator of a crime as part of his or her in-court testimony, notwithstanding the existence of a procedurally defective pretrial identification procedure, provided that the People establish by clear and convincing evidence that the in-court identification is based upon the witness' independent observation of the defendant (*see People v Thomas,* 51

NY2d 466; *People v Hyatt,* 162 AD2d 713). Here, the evidence shows that the defendant stood over the complainant and spoke to her, during which time the complainant had an unobstructed view of the defendant under good lighting conditions. These facts established her independent ability to identify the defendant; therefore, suppression of the in-court identification was properly denied. Santucci, J.P., Altman, S. Miller and Luciano, JJ., concur.