■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICENTE PARIS, Appellant. [769 NYS2d 741]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered May 18, 2001, convicting him of robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in determining that there was an independent source for the victim's in-court identification of the defendant as his robber and attacker. An in-court identification of a defendant by an eyewitness is proper, notwithstanding unduly suggestive pretrial identification procedures, where it is based upon the eyewitness's independent observation of the defendant (*see People v Cotto,* 268 AD2d 441 [2000]; *People v Brown,* 187 AD2d 662 [1992]). The victim had a clear and unobstructed view of the defendant before he entered the car in question and while he was sitting in the rear of the car, under well-lit conditions, for a lengthy period of time during the commission of the crime. As such, the Supreme Court correctly determined that there was an independent source for the identification (*see People v Brown,* 293 AD2d 686 [2002]).

The defendant's remaining contentions are without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.