■ The People of the State of New York, Respondent, v Walter Adelman, Appellant. [828 NYS2d 555]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered July 18, 2003, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"A witness may identify the perpetrator of a crime as part of his or her in-court testimony, notwithstanding the existence of a procedurally-defective pretrial identification procedure, provided that the People establish by clear and convincing evidence that the in-court identification is based upon the witness's independent observation of the defendant" (*People v Radcliffe*, 273 AD2d 483, 484 [2000]). The independent observation must be reliable under the totality of the circumstances (*see Manson v Brathwaite*, 432 US 98, 106 [1977]; *People v Hyatt*, 162 AD2d 713, 714 [1990]; *People v Taylor*, 68 AD2d 864 [1979]). Here, the People established that the in-court identification was based on the witness's independent observation of the defendant.

The circumstances leading to the defendant's apprehension by police provided probable cause to effect an arrest (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Norman*, 199 AD2d 5 [1993]).

The Supreme Court properly found the defendant to be a persistent violent felony offender based on his 1981 and 1988 convictions. "A guilty plea may be involuntary, and therefore unconstitutionally obtained, either because the defendant did not voluntarily and intelligently waive the protections afforded by the Constitution or because the defendant did not know the nature of the charges against him" (*People v Moore*, 71 NY2d 1002, 1005 [1988]). In rare cases, "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea . . . the trial court has a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (*People v Lopez*, 71 NY2d 662, 666 [1988]). A court's duty to make a further inquiry, however, is not triggered by the mere failure of a defendant to recite every element of the crime to which he pleaded (*id.*). "[A]ll of the circumstances surrounding the plea must be considered to determine whether the defendant understood the nature of the charges against him" (*People v Moore, supra* at 1005). Once the People have proved beyond a reasonable doubt the existence of a prior felony conviction, the defendant must "allege and prove the facts underlying the claim that the conviction was unconsti-

tutionally obtained" (*People v Harris*, 61 NY2d 9, 15 [1983]). Considering all the circumstances surrounding the plea, we are satisfied from the minutes of the 1988 plea that the defendant understood the charges against him and made a voluntary and intelligent plea.

To the extent that the defendant challenges his 1981 conviction, review is precluded because the defendant did not challenge the constitutionality of the 1981 conviction at his 1988 plea allocution. Consequently, the defendant "is estopped from attacking the constitutionality of his 1981 guilty plea" (*People v Lopez*, 123 AD2d 360, 361 [1986]; *see* CPL 400.21; *People v Mastropietro*, 198 AD2d 443 [1993]).

The defendant's argument that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the holding in *Apprendi v New Jersey* (530 US 466 [2000]), is without merit. This Court has held that the mandatory sentence enhancement provisions of Penal Law § 70.08 do not violate either the federal or the state constitutions (*see People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Renna*, 13 AD3d 398 [2004]).

"A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]). Viewing the record as a whole (*see People v Benevento*, 91 NY2d 708, 712 [1998]), the defendant received the effective assistance of counsel.

The defendant's remaining contentions regarding the chain of custody of evidence, *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), and an alleged *Trowbridge* violation (*see People v Trowbridge*, 305 NY 471 [1953]), are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.