THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RON D. CRAVEN, Appellant. [851 NYS2d 318]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered July 20, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the first degree (three counts) and petit larceny (three counts).

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for each count of criminal possession of a forged instrument in the first degree to an indeterminate term of incarceration of two to six years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts each of criminal possession of a forged instrument in the first degree (Penal Law § 170.30) and petit larceny (§ 155.25). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence that defendant passed counterfeit $20 bills at two different retail stores in three separate transactions, and the jury was entitled to reject the testimony of defendant that he was unaware that the bills were counterfeit (*see People v Cotton*, 197 AD2d 897 [1993], *lv denied* 82 NY2d 893 [1993]). County Court properly admitted in evidence, over defendant's objection, those parts of the surveillance videotapes from the first store. Although those parts of the videotapes showed defendant engaging in a fourth uncharged transaction, they nevertheless were admissible based upon their relevance to the issue of defendant's intent (*see People v Brand*, 135 AD2d 1125 [1987], *lv denied* 70 NY2d 1004 [1988]), as well as defendant's modus operandi (*see People v Nuness*, 192 AD2d 960, 961-962 [1993], *lv denied* 82 NY2d 723 [1993]). Any violation of the best evidence rule that may have occurred as the result of the admission in evidence of the edited surveillance videotapes "was not at all prejudicial to the defendant and did not affect the fairness of his trial" (*People v Fondal*, 154 AD2d 476, 477 [1989], *lv denied* 75 NY2d 770 [1989]). Defendant failed to preserve for our review his contention that the People failed to establish an adequate foundation for the admission of the videotapes or the still photographs derived therefrom (*see People*

*v Bunting*, 134 AD2d 646, 648 [1987], *lv denied* 70 NY2d 1004 [1988]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that the evidence with respect to the first transaction is legally insufficient to support his conviction of criminal possession of a forged instrument and petit larceny under counts one and two of the indictment because there were breaks in the chain of custody of the counterfeit bill used in that transaction. We reject that contention (*see generally Bleakley*, 69 NY2d at 495). The People were not required to establish an unbroken chain of custody for the counterfeit bill while it was in the possession of store personnel (*see People v Taylor*, 206 AD2d 904, 905 [1994], *lv denied* 84 NY2d 940 [1994]) and, in any event, the breaks in the chain of custody affect only the weight to be given to that evidence (*see generally People v Nicholson*, 231 AD2d 533 [1996], *lv denied* 89 NY2d 927 [1996]).

We reject the further contention of defendant, raised in the main brief and pro se supplemental brief, that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). To the extent that his contention is based upon matters outside the record, it must be raised in a CPL article 440 proceeding (*see People v Hoeft*, 42 AD3d 968, 969-970 [2007], *lv denied* 9 NY3d 962 [2007]). Defendant does not challenge the court's determination that the photo array shown to the cashier at the second store in which defendant conducted a transaction with counterfeit bills was not unduly suggestive and, thus, there is no need to consider his challenge to the court's alternative determination that the cashier had an independent basis for his in-court identification (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *see also People v Jones*, 215 AD2d 244 [1995], *lv denied* 86 NY2d 796 [1995]).

In view of the circumstances of this case, however, we agree with defendant that the sentence imposed for each count of criminal possession of a forged instrument in the first degree is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing those sentences to indeterminate terms of incarceration of two to six years. We have examined defendant's remaining contentions, including those raised in the pro se supplemental brief, and conclude that none requires reversal or further modification of the judgment. Present—Gorski, J.P., Martoche, Smith, Centra and Green, JJ.