THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT APPLETON, Appellant. [875 NYS2d 699]—Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Drury, J.), rendered June 27, 2007. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the first degree, assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, reckless endangerment in the first degree (Penal Law § 120.25) and assault in the second degree (§ 120.05 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of reckless endangerment and assault (see People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his contentions that he was denied a fair trial by the improper bolstering of the victim's identification (see People v Simms, 244 AD2d 920 [1997], lv denied 91 NY2d 897 [1998]), that Supreme Court erred in admitting in evidence photographs of the victim's vehicle (see People v Craven, 48 AD3d 1183, 1184-1185 [2008], lv denied 10 NY3d 861 [2008]), and that the court further erred in permitting the jurors to take notes without proper instructions (see People v Green, 35 AD3d 1197 [2006], lv denied 8 NY3d 922 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

The court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 (3). The newly discovered evidence proffered in support of such a motion must be "of such nature that a different verdict probably would occur and, further, such [evidence] must not be cumulative or merely impeaching or contradicting of the trial evidence . . . Here, the proffered evidence does not create the probability of a different

result if a new trial were granted and clearly constitutes evidence contradictory to certain of the trial evidence, thus tending to impeach the testimony of a trial witness" (*People v Hayes*, 295 AD2d 751, 752 [2002], *lv denied* 98 NY2d 730 [2002]). Finally, we reject the contentions of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and that he was denied a fair trial by the cumulative effect of the alleged errors raised by defendant on appeal (*see People v McKnight*, 55 AD3d 1315, 1317 [2008]). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.