■ The People of the State of New York, Respondent, v Omar Small, Appellant. [973 NYS2d 796]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 27, 2010, convicting him of robbery in the third degree and petit larceny, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in determining that there was an independent source for the victim's in-court identification of the defendant as her assailant. An in-court identification of a defendant by an eyewitness is proper, notwithstanding unduly suggestive pretrial identification procedures, where it is based upon the eyewitness's independent observation of the defendant (*see People v Paris*, 2 AD3d 881 [2003]; *People v Cotto*, 268 AD2d 441 [2000]; *People v Brown*, 187 AD2d 662, 663 [1992]). The victim testified that she had a

clear view of her assailant's face at very close range, under well-lit conditions, throughout the length of the commission of the crime and, as a result, she was able to give the police a description of the individual, which included details of his facial features, height, weight, and clothing (*see People v Colon*, 32 AD3d 791 [2006]; *People v Brown*, 293 AD2d 686 [2002]; *People v Price*, 256 AD2d 596 [1998]; *People v Quinitchett*, 210 AD2d 438, 439 [1994]; *People v Steward*, 206 AD2d 397, 398 [1994]). Accordingly, the Supreme Court correctly determined that there was an independent source for the identification (*see People v Paris*, 2 AD3d 881 [2003]; *People v Brown*, 187 AD2d 662 [1992]), and properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. Eng, P.J., Balkin, Lott and Roman, JJ., concur.