■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BROWN, Appellant. [989 NYS2d 866]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 23, 2010, convicting him of robbery in the second degree (two counts), upon a jury verdict, and sentencing him to two concurrent determinate terms of imprisonment of eight years, followed by a period of postrelease supervision of five years.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by reducing the determinate terms of imprisonment imposed from eight years to six years; as so modified, the judgment is affirmed.

Following a jury trial, the defendant was convicted of two counts of robbery in the second degree for two separate robberies that occurred on the same night in Yonkers. The defendant contends that the evidence was legally insufficient to prove that he displayed what appeared to be a firearm (*see* Penal Law § 160.10 [2] [b]) in the second robbery because the complainant stated that she was 80% sure that the gun was a fake, which it turned out to be. The defendant's contention is unpreserved for appellate review, as his general motion for a trial order of dismissal did not create a question of law for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894, 894 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]; *People v Stahl*, 53 NY2d 1048, 1050 [1981]). In any event, his contention is without merit. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the second robbery was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The subject complainant testified that she believed that there was a 20% chance that the gun was real, and that she was afraid for her life at time she handed her money to the defendant. "The complainant was not required to call the defendant's bluff, but could resolve any doubts in favor of the risk presented, and the jury could reasonably find that the complainant had believed that the gun displayed might have been real" (*People v Kaur*, 204 AD2d 573, 573-574 [1994]; *see People v Colon*, 116 AD3d 1234 [2014]).

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the subject crimes is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d at 492; *People v Finger*, 95 NY2d at 894; *People v Gray*, 86 NY2d at 19; *People v Bynum*, 70 NY2d at 859; *People v Stahl*, 53 NY2d at 1050). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, the verdict of guilt was not against the weight of the evidence.

The sentence imposed was excessive to the extent indicated herein. Leventhal, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.