■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO BENITEZ, Appellant. [991 NYS2d 133]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered December 14, 2010, convicting him of robbery in the first degree and robbery in third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear

the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of his right to effective assistance of counsel at the independent source hearing and at trial is without merit (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

Nonetheless, we conclude that a new trial is necessary. The defendant was charged with crimes related to a robbery of a Radio Shack store. A detective testified during the People's case that he had received information through the "Crime Tips Office" and that, after further investigation, he began looking for a "White male Hispanic, with the possible name of Rick." The detective went to an apartment on the sixth floor of a building located at 82-01 Rockaway Beach Boulevard in Queens, but did not find a person fitting that description. Later that day, however, the detective was provided with information that the person for whom he was looking was in front of that building. Upon arriving there, the detective arrested the defendant, Ricardo Benitez. The detective also testified that the defendant, in providing pedigree information, gave his address as 82-01 Rockaway Beach Boulevard, Apartment 6B.

During summation, the prosecutor strongly implied that whoever had provided the tip had implicated the defendant: "Someone calls 577-TIPS . . . . [The detective] gets this information and where does he go? 82-01 Rockaway Beach Boulevard, make a left out of the elevator. I'm looking for a guy named Rick who lives on the sixth floor. Ricardo Benitez." After defense counsel's objection to this remark was overruled, the prosecutor continued: "Gave Detective Lopez the following address. 82-01 Rockaway Beach Boulevard, 6B. Rick. Ladies and gentlemen, I introduce you to Rick." Defense counsel again objected, but the Supreme Court again overruled the objection.

The only purpose of the prosecutor's improper comments was to suggest to the jury, in this one-witness identification case, that the complainant was not the only person who had implicated the defendant in the commission of the robbery (*see People v Mendez*, 22 AD3d 688, 689 [2005]). Moreover, in overruling defense counsel's objections, the Supreme Court "legitimized" the prosecutor's improper remarks (*People v Lloyd*, 115 AD3d 766, 769 [2014]). The defendant, of course, was given no opportunity to cross-examine the unnamed witness who had allegedly provided the tip (*see People v McEaddy*, 41 AD3d 877, 879-

880 [2007]; *cf. Crawford v Washington*, 541 US 36 [2004]). The evidence against the defendant was not overwhelming, so there is no basis for the application of harmless error analysis (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Brown*, 26 AD3d 392, 393 [2006]). To the extent that the defendant failed to preserve the claim by specific objection, we reach the issue in the exercise of our interest of justice jurisdiction, and reverse the judgment (*see* CPL 470.15 [6] [a]).

In light of our determination, we need not address the defendant's remaining contentions. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.