■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GRAY, Appellant. [23 NYS3d 373]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered February 19, 2013, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress in-court identification evidence.

Ordered that the judgment is affirmed.

An in-court identification of a defendant will not be suppressed merely by reason of an antecedent unlawful seizure, so long as the People establish, by clear and convincing proof, that the in-court identification is derived from the witness's independent recollection (see People v White, 117 AD2d 127, 133 [1986]; see also People v Marte, 12 NY3d 583, 586 [2009]; People v Houston, 82 AD3d 1122, 1122 [2011]; People v Ashe, 297 AD2d 287, 288 [2002]). The independent observation must be reliable under the totality of the circumstances (see People v Adelman, 36 AD3d 926, 927 [2007]). The amount of time that a witness has to observe the defendant is only one factor to be considered (see People v Radcliffe, 273 AD2d 483, 484 [2000]; People v Hyatt, 162 AD2d 713, 713-714 [1990]), and "even a matter of a few seconds may suffice for independent source purposes" (People v Williams, 222 AD2d 149, 153-154 [1996]). Here, after conducting a hearing and reviewing the appropriate factors (see Neil v Biggers, 409 US 188, 199-200 [1972]; People v Lopez, 85 AD3d 1641, 1641 [2011]), the hearing court properly concluded that the People established by clear and convincing evidence that the trained police officer's observations during the commission of the crime provided an independent basis for the officer's in-court identification of the defendant. The officer described the suspect's gender, race, height, and clothing, and the type of weapon that he was holding, after observing him during a face-to-face encounter in well-lit surroundings (see People v Small, 110 AD3d 1106, 1106-1107 [2013]; People v Allah, 283 AD2d 436, 436 [2001]; Matter of Tarik R., 232 AD2d 233 [1996]; People v Weiner, 226 AD2d 757, 758 [1996]; People v Jones, 215 AD2d 244, 244 [1995]; People v Hyatt, 162 AD2d at 713-714). The court credited the officer's testimony that he viewed the perpetrator face-to-face for five to six seconds, and we find no basis to disturb the court's determination that the officer's testimony was credible (see People v Kelly, 131 AD3d 484, 485 [2015]).

The defendant's contention that the People failed to prove his identity as one of the perpetrators of the crime beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Wiggs*, 130 AD3d 659, 659 [2015]; *People v Harris*, 129 AD3d 990, 990-991 [2015]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (*see People v Calabria*, 3 NY3d 80 [2004]; *People v Brown*, 119 AD3d 953, 954 [2014]; *People v Ramirez*, 221 AD2d 665, 666 [1995], *mod* 89 NY2d 444 [1996]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he has not demonstrated that his trial counsel was ineffective under either federal or state constitutional standards (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Caban*, 5 NY3d 143, 156 [2005]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). The record establishes that defense counsel provided meaningful representation as a whole (*see People v Benevento*, 91 NY2d 708, 712 [1998]), and the defendant has failed to show the absence of strategic or other legitimate explanations for his attorney's alleged shortcomings (*see People v Barboni*, 21 NY3d 393, 405-407 [2013]; *People v Benitez*, 120 AD3d 705, 706 [2014]). Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.