<partyblock>

The People of the State of New York, Respondent,

against

Minchui Wong, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered July 1, 2015, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.

Judgment of conviction (Ann E. Scherzer, J.), rendered July 1, 2015, affirmed.

In the particular circumstances of this case, we find that the court adequately informed defendant of the rights he would be waiving in exchange for his guilty plea
and that the plea was knowingly, intelligently and voluntarily made (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). There is no mandatory catechism for a guilty plea, and a plea is not rendered invalid "solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea" (People v Tyrell, 22 NY3d 359, 365 [2013], quoting People v Harris, 61 NY2d 9, 16 [1983]). Furthermore, as defendant pleaded guilty to an uncharged lesser offense, no factual basis for the plea was necessary (see People v Moore, 71 NY2d 1002, 1006 [1988]; People v Clairborne, 29 NY2d 950, 951 [1972]).

In any event, the only relief defendant requests is a dismissal of the accusatory instrument, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. Since dismissal is not warranted (see People v Conceicao, 26 NY3d at 385 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]), we affirm on this basis as well (see People v Diaz, 112 AD3d 423 [2013], lv denied 23 NY3d 1036 [2014]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: December 12, 2016

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>