People v Kimbrough (2018 NY Slip Op 02719)





People v Kimbrough


2018 NY Slip Op 02719


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6337 3524/13

[*1]The People of the State of New York, Respondent,
v
Gerald Kimbrough, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Kerry Elgarten of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered June 23, 2015, convicting defendant, after a nonjury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). In this robbery of a store, the evidence amply supported a finding that the testifying employee perceived what appeared to be a firearm when defendant placed his hand under his shirt at his waist and threatened to shoot everyone in the store (see People v Baskerville, 60 NY2d 374, 381 [1983]). The record fails to support defendant's assertion that, before any property was taken, the employee "realized" that defendant did not have a firearm. Instead, the employee merely testified that during the incident there came a time when he became unsure whether defendant actually had a firearm. However, a victim need not be certain that a robber was armed to satisfy the display element (see People v Brown, 119 AD3d 953, 954 [2d Dept 2014], lv denied 24 NY3d 1118 [2015]; People v Bynum, 125 AD2d 207, 209 [1st Dept 1986], affd 70 NY2d 858 [1987]). Moreover, it can be reasonably inferred from the evidence that even after he developed this uncertainty, the employee was still in fear of possibly being shot at the time defendant stole money from the cash register.
Defendant did not preserve his additional argument regarding an alleged variance between the indictment and the trial evidence regarding the identity of the person actually robbed, and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK