People v Spradlin (2021 NY Slip Op 01449)





People v Spradlin


2021 NY Slip Op 01449


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

110871 111253

[*1]The People of the State of New York, Respondent,
v
Benjamin Spradlin, Appellant.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Colangelo, J.
Appeals (1) from a judgment of the County Court of Tompkins County (Miller, J.), rendered April 6, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the first degree, and (2) by permission, from an order of said court, entered May 7, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In December 2016, defendant was charged by indictment with robbery in the first degree, robbery in the second degree, burglary in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. The charges stemmed from allegations that defendant unlawfully entered a home located in the Town of Enfield, Tompkins County, and stole money from two victims at gunpoint, after which time the victims identified defendant as the perpetrator in a show-up identification procedure. Prior to defendant's arrest, law enforcement identified defendant, who they suspected was the perpetrator, riding in the back seat of a pickup truck, stopped and searched that pickup truck and seized a jacket matching the victims' description of the jacket that the perpetrator had been wearing during the home invasion.
Defendant subsequently moved to suppress the identification as unduly suggestive, as well as the stop and seizure of the pickup truck, his person and the jacket. Following a suppression hearing, County Court found that, although the show-up procedure was unduly suggestive and evidence regarding the show-up was therefore inadmissible at trial, the People established by clear and convincing evidence that the victims had an independent recollection from the robbery to make an in-court identification of defendant at trial. County Court also denied that portion of defendant's motion seeking suppression of the results of the search and the seizure. Thereafter, defendant, in full satisfaction of the indictment, pleaded guilty to robbery in the first degree. Consistent with the terms of the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of eight years to be followed by five years of postrelease supervision. Defendant's subsequent pro se motion pursuant to CPL 440.10 to vacate his judgment of conviction was denied by County Court without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.
Defendant argues that, although County Court properly found that the show-up procedure was unduly suggestive, County Court erred in finding that the People had proven by clear and convincing evidence that the victims had an independent recollection of the perpetrator to make an in-court identification of defendant. We disagree. Where a defendant has shown that a pretrial identification procedure was unduly suggestive, the People have the burden to demonstrate by clear and convincing evidence that [*2]an in-court identification is derived from the witness's independent recollection — often called "independent source" evidence (People v Marte, 12 NY3d 583, 586 [2009] [internal quotation marks and citation omitted], cert denied 559 US 941 [2010]; see People v Adams, 53 NY2d 241, 251 [1981]; People v Gray, 135 AD3d 874, 874 [2016], lv denied 27 NY3d 998 [2016]; People v Bateman, 124 AD3d 983, 984 [2015], lv denied 25 NY3d 949 [2015]; People v Smith, 122 AD3d 1162, 1163 [2014]). "The independent observation must be reliable under the totality of the circumstances" (People v Gray, 135 AD3d at 874; see People v Adelman, 36 AD3d 926, 927 [2007], lv denied 9 NY3d 872 [2007]). "[F]actors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation" (Neil v Biggers, 409 US 188, 199-200 [1972]; see People v Carson, 122 AD3d 1391, 1391 [2014], lv denied 25 NY3d 1161 [2015]).
Here, the victims' testimony at the suppression hearing established that, although the perpetrator had partially covered his lower face with his arm during the crime, they had observed his gender, race, approximate height, multiple distinctive facial features, and unique jacket after observing him face-to-face, at very close range in well-lit surroundings during the commission of the crime, for a period of several minutes (see People v Small, 110 AD3d 1106, 1106-1107 [2013], lv denied 22 NY3d 1043 [2013]; People v Lopez, 85 AD3d 1641, 1642 [2011], lv denied 17 NY3d 860 [2011]). Defendant emphasized, both at the hearing and upon this appeal, that the victims failed to note a distinctive facial feature, i.e., a flesh colored bump on his forehead. Upon review, we do not find this argument persuasive, but instead agree with County Court that the inconsistencies in such details could be developed at trial and considered by the jury (see People v Adams, 53 NY2d at 251; People v Hosannah, 178 AD3d 1074, 1076 [2019], lv denied 35 NY3d 942 [2020]). Accordingly, we find that the court, which reviewed the appropriate factors (see Neil v Biggers, 409 US at 199-200; People v Lopez, 85 AD3d at 1641), properly determined that the People established by clear and convincing evidence that the victims' observations during the commission of the crime provided an independent basis for their in-court identification of defendant (see People v Hosannah, 178 AD3d at 1076; People v Vasquez, 175 AD3d 1822, 1823 [2019], lv denied 34 NY3d 1082 [2019]; People v Gray, 135 AD3d at 874; People v Small, 110 AD3d at 1106-1107; People v Lopez, 85 AD3d at 1642; People v Mosley, 110 AD2d 937, 938-939 [1985]).[FN1]
We reject defendant's contention that County Court erred in denying his CPL 440.10 motion [*3]to vacate his judgment of conviction. "The purpose served by a CPL article 440 motion is to inform a court of facts not reflected in the record and unknown at the time of the judgment. By its very nature, the procedure cannot be used as a vehicle for an additional appeal" (People v Spradlin, 188 AD3d 1454, 1460 [2020] [internal quotation marks, brackets and citations omitted]). A motion to vacate a judgment of conviction made pursuant to CPL article 440 must be denied when "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal" (CPL 440.10 [2] [b]; see People v Drayton, 189 AD3d 1888, 1891 [2020]; People v Spradlin, 188 AD3d at 1460; People v Trombley, 91 AD3d 1197, 1203 [2012], lv denied 21 NY3d 914 [2013]). "Upon considering the merits of the motion, the court may deny it without conducting a hearing if . . . [t]he moving papers do not allege any ground constituting legal basis for the motion" (CPL 440.30 [4] [a]; see People v Jones, 24 NY3d 623, 634-635 [2014]; People v Spradlin, 188 AD3d at 1460). "[W]hether a defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination . . . that is subject to [appellate] review for an abuse of discretion" (People v Jones, 24 NY3d at 635).
The majority of the claims that defendant raises in his appeal from the denial of his CPL 440.10 motion — to wit, defendant's challenge to the permitted in-court identification and the search and seizure of his person and the jacket — are based on facts that were either apparent from the face of the record to permit adequate review upon direct appeal (see CPL 440.10 [2] [b]; People v Grays, 162 AD3d 1224, 1228 [2018], lv denied 32 NY3d 1111 [2018]) or are not the proper subject of a CPL article 440 motion because his claims could have been raised on his direct appeal, but defendant failed to do so (see CPL 440.10 [2] [c]; People v Bruno, 97 AD3d 986, 987 [2012], lv denied 20 NY3d 931 [2012]). Accordingly, County Court did not err in denying defendant's CPL article 440 motion with respect to such claims. Finally, defendant's claim that his trial counsel rendered ineffective assistance because he had a conflict of interest — although premised upon factual allegations not reflected on the face of the record — is based solely on defendant's own conclusory affidavit and is otherwise unsubstantiated (see CPL 440.30 [4] [d]; People v Wright, 27 NY3d 516, 521 [2016]; People v Spradlin, 188 AD3d at 1460-1461; People v Brandon, 133 AD3d 901, 904 [2015], lv denied 27 NY3d 992 [2016]; People v Woodard, 23 AD3d 771, 772 [2005], lv denied 6 NY3d 782 [2006]). Under these circumstances, County Court did not abuse its discretion in denying defendant's CPL 440.10 motion without a hearing. Defendant's remaining contentions, to the extent not specifically addressed herein, have [*4]been considered and found lacking in merit.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: To the extent that defendant argues that any in-court identification of him would have been tainted by wearing a prison uniform during the suppression hearing at which he was identified, defendant waived this issue, as he neither lodged an objection at the hearing nor requested a remedy (see People v Jones, 187 AD3d 612, 613-614 [2020], lv denied 36 NY3d 973 [2020]; People v Oliveri, 29 AD3d 330, 332 [2006], lvs denied 7 NY3d 760, 792 [2006]).