People v Cole (2023 NY Slip Op 03376)

People v Cole

2023 NY Slip Op 03376

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

113556
[*1]The People of the State of New York, Respondent,
v
John W. Cole, Appellant.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ.

The Kindlon Law Firm, PLLC, Albany (Terence L. Kindlon of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal, by permission, from an order of the County Court of Saratoga County (Chad W. Brown, J.), entered June 13, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of assault in the second degree, driving while ability impaired and reckless driving, without a hearing.
The underlying facts of this case are set forth in greater detail in this Court's prior decision (177 AD3d 1096 [3d Dept 2019], lv denied 34 NY3d 1015 [2019]). Briefly stated, after a night out consisting of dinner and dancing, defendant was the driver in a single-vehicle accident wherein a passenger was severely injured. Following a jury trial in 2018, defendant was convicted of the crimes of assault in the second degree, driving while ability impaired and reckless driving. Defendant was sentenced to an aggregate prison term of seven years, to be followed by five years of postrelease supervision. Defendant appealed his conviction, which was affirmed (id.). In 2021, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 based on the ground of ineffective assistance of counsel. The People opposed the requested relief, and County Court (Brown, J.) denied defendant's motion without a hearing. Defendant appeals, by permission, from County Court's order.
We affirm. "The purpose of a CPL article 440 motion is to inform a court of facts not reflected in the record and unknown at the time of the judgment. By its very nature, the procedure cannot be used as a vehicle for an additional appeal" (People v Spradlin, 192 AD3d 1270, 1273 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 960 [2021]; see People v Taylor, 156 AD3d 86, 89 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]). "[A] hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Gillespie, 205 AD3d 1212, 1216 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1072 [2023]). "Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Podeswa, 205 AD3d 1139, 1141 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1135 [2022])."The court has the discretion to determine whether the defendant is entitled to a hearing, and its determination will . . . not be disturbed absent an abuse of discretion" (People v Shaw, 174 AD3d 1036, 1038 [3d Dept 2019] [citation omitted], lv dismissed 34 NY3d 1081 [2019]).
Addressing each allegation of ineffective counsel as set forth in defendant's motion, namely, that trial counsel failed to investigate and prepare for trial resulting in ineffectual cross-examination, failed to interpose a defense, prevented him from testifying and failed to move for a mistrial, we first disagree [*2]that defendant's trial counsel did not properly investigate and prepare for trial. The People's chief witness at trial was a backseat passenger in defendant's vehicle at the time of the accident who had been drinking alcohol that evening with defendant and was injured during the crash. Specifically, defendant claims that counsel's failure to obtain this witness's criminal history and relevant medical records prior to the start of trial rendered counsel ineffective. Although the better practice may have been for counsel to secure these documents during pretrial discovery, the records were, in fact, received before the witness testified. Counsel then proceeded to cross-examine this witness regarding his history of, and conviction for, driving while ability impaired. She further made inquiry into the witness's state of intoxication on the night of the crash, including how much he drank that evening and specifically querying whether his blood alcohol level was similar to that of his wife's level of .20. Counsel obtained admissions from the witness that he "had a legal issue with DWI" and had "five or six drinks." As to defendant's allegation that trial counsel failed to interview other fact witnesses until his wife gathered them together for this specific purpose, the fact remains that counsel did indeed meet and interview them and called them as witnesses at trial. Simply put, defendant's assertions are belied by the record (see CPL 440.30 [4] [d]; People v Johnson, 194 AD3d 1267, 1269 [3d Dept 2021]; People v Marte-Feliz, 192 AD3d 1397, 1399 [3d Dept 2021]).
Defendant next asserts that counsel failed to interpose a meaningful defense to the charge of assault in the second degree — which was based on a theory of recklessness —arguing that the only meaningful way to do so was through his testimony, and counsel prevented him from testifying. However, the record establishes that trial counsel in her opening and closing statements argued that the accident was beyond defendant's control — that defendant was not inebriated and lost control of his vehicle while driving through a construction zone after swerving to avoid flying debris. Trial counsel produced an expert accident reconstructionist, called defendant's wife as a witness to describe the accident and defendant's reactions, as well as numerous witnesses who socialized with defendant that evening to testify that defendant had not been drinking excessively and was not intoxicated. In order to prevail on his claim of ineffective assistance of counsel, defendant must "demonstrate[ ] the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Bostic, 174 AD3d 1135, 1138 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 1015 [2019]). We cannot say that this defense and how it was presented "was unreasonable in light of the evidence and circumstances or completely devoid of merit," and "counsel's efforts should not be second-guessed [*3]with the clarity of hindsight to determine how the defense might have been more effective" (People v Perry, 148 AD3d 1224, 1225 [3d Dept 2017] [internal quotation marks and citations omitted]). We further note that defendant's assertion that counsel "prevented" him from testifying is similarly belied by the record, which establishes that County Court (Murphy III, J.) directly asked defendant if he wished to testify, and specifically told him that it was his, not his attorney's, decision to make. Defendant then clearly articulated that he did not want to testify (see People v Richards, 177 AD3d 1280, 1282 [4th Dept 2019], lv denied 35 NY3d 994 [2020]).[FN1]
Finally, we find no merit to defendant's argument that counsel was ineffective for her failure to move for a mistrial after County Court publicly accused him of engaging in dishonest and deceitful misconduct and that these statements were published in local newspapers. The statements were made outside of the jury's presence. Although the statements were published in two newspapers, the record reflects that the court repeatedly admonished the jurors not to view televised news, read local newspapers or conduct searches online or through their smartphones for stories related to the trial. Moreover, the court, on several separate occasions, inquired of the jurors whether they had viewed any news and, each time, each juror stated they had not.[FN2] As defendant has not demonstrated the absence of a strategic choice, the failure to move for a mistrial does not constitute ineffective assistance of counsel (see People v Capers, 129 AD3d 1313, 1318 [3d Dept 2015]; lv denied 27 NY3d 994 [2016]; People v Diviesti, 101 AD3d 1163, 1164-1165 [3d Dept 2012], lv denied 20 NY3d 1097 [2013]).
Lynch, J.P., Aarons and McShan, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: Defendant is a middle-aged, successful businessman, not a naÏve waif. It begs credulity that he was so intimidated by his attorney that she could "prevent[ ]" him from testifying.

Footnote 2: One juror stated that a story popped up on Facebook but that she did not read it.